**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEVANTE PRICE,

          Petitioner - Appellant,

  v.

HUDSON, Warden,

          Respondent - Appellee.

No. 25-5725

D.C. No.
4:25-cv-00169-RCC--BGM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Federal prisoner Jevante Price appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), and we affirm.

---

   \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Price was sentenced to a 240-month term of imprisonment for conspiracy to commit violations of the kidnapping statute in violation of 18 U.S.C. § 1201(c), and a concurrent 60-month term of imprisonment for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was also sentenced to two concurrent five-year terms of supervised release. The sentencing court later vacated Price's § 924(c) conviction and sentence, but denied his request for resentencing.

Price contends that, after his § 924(c) conviction was vacated, the sentence for his kidnapping conspiracy conviction should have been reduced. However, because the sentences were ordered to run concurrently, the vacatur of Price's § 924(c) conviction had no impact on the length of his kidnapping conspiracy sentence.

Second, Price contends that he should have received First Step Act time credits after the sentencing court determined that his kidnapping conviction was not a "crime of violence" under § 924(c). However, regardless of whether Price's § 1201(c) conviction is a crime of violence, it disqualifies him from receiving time credits under 18 U.S.C. § 3632(d)(4)(D)(xxvi).[1]

**AFFIRMED.**

---

[1]In light of this conclusion, we need not await the Supreme Court's decision in *Maxwell v. Thomas*, 133 F.4th 453 (5th Cir. 2025), *cert. granted in part*, No. 25-5930, __ S. Ct. __, 2026 WL 1513325 (U.S. June 1, 2026).